677 F.2d 55
 MESCALERO APACHE TRIBE, Plaintiff-Appellee,
v.
STATE OF NEW MEXICO and Harold F. Olson, Individually and as
Director of the New Mexico Department of Game and
Fish, or his successors in office,
Defendants-Appellants.
 No. 78-1790.
 United States Court of Appeals,
Tenth Circuit.
 April 26, 1982.
 
 Jeff Bingaman, Atty. Gen., Thomas L. Dunigan, Deputy Atty. Gen., Thomas Patrick Whelan, Jr., Asst. Atty. Gen., Santa Fe, N. M., for defendants-appellants.
 George E. Fettinger and Kim Jerome Gottschalk of Fettinger & Bloom, Alamogordo, N. M., for plaintiff-appellee.
 Carol E. Dinkins, Asst. Atty. Gen., Robert L. Klarquist and Edward J. Shawaker, Dept. of Justice, Washington, D. C., for the U. S. as amicus curiae.
 B. Reid Haltom and Marcia L. Green of Nordhaus, Haltom & Taylor, Albuquerque, N. M., for the Jicarilla Apache Tribe as amicus curiae.
 Before DOYLE, BREITENSTEIN and McKAY, Circuit Judges.
 McKAY, Circuit Judge.
 
 
 1
 In Mescalero Apache Tribe v. New Mexico, 630 F.2d 724 (10th Cir. 1980), this court affirmed an order of the district court enjoining the State of New Mexico from enforcing its game laws against non-Indians who hunt and fish within the boundaries of the Mescalero Apache Indian Reservation. Subsequently the United States Supreme Court granted the State's petition for a writ of certiorari, vacated this court's judgment, and remanded the case for further consideration by this court in light of Montana v. United States, 450 U.S. 544, 101 S.Ct. 1245, 67 L.Ed.2d 493 (1981).
 
 
 2
 While this court was considering Mescalero v. New Mexico on remand, the Supreme Court decided Merrion v. Jicarilla Apache Tribe, --- U.S. ----, 102 S.Ct. 894, 71 L.Ed.2d 21 (1982), in which the Court affirmed the authority of an Indian tribe to impose a severance tax on non-Indian mining activities on the Tribe's reservation. In Merrion the Court held that "the Tribe's authority to tax non-Indians who conduct business on the reservation ... is an inherent power necessary to tribal self-government and territorial management." 102 S.Ct. at 903. In the Court's opinion, that authority "derives from the tribe's general authority, as sovereign, to control economic activity within its jurisdiction, and to defray the cost of providing governmental services," as well as from the tribe's authority to exclude non-Indians from tribal land. Id. at 901. The Court's decision in Merrion v. Jicarilla convinces us that Montana v. United States does not dictate a result different from that originally reached by this court in Mescalero v. New Mexico. Montana v. United States deals with "the sources and scope of the power of (the Crow) Indian (T)ribe to regulate fishing and hunting by non-Indians on lands within its reservation owned in fee simple by non-Indians. " 450 U.S. at 547, 101 S.Ct. at 1249 (emphasis added). Mescalero v. New Mexico, however, involves the question of whether a state has the authority to regulate non-Indian hunting on Indian-owned land within a reservation.[1] In contrast to Montana v. United States, but like Merrion v. Jicarilla, the case before us deals with the broad power of the Tribe to control, exploit, and regulate tribal resources on tribal lands.
 
 
 3
 In both Montana v. United States and Merrion v. Jicarilla, the Supreme Court reiterated that Indian tribes retain inherent sovereignty over their own reservations in matters concerning self-government and internal relations. 102 S.Ct. at 901; 450 U.S. at 565-66, 101 S.Ct. at 1258-59. In the case before us, the Mescalero Apache Tribe has carefully built up and managed the wildlife on its reservation without the aid of the state and is seeking to manage its resources for economic return. There is no evidence that the state supplies any management services on the reservation where the hunting takes place. Under these circumstances, we are convinced that the Tribe's inherent sovereignty permits it to determine how its reservation's resources shall best be regulated. Dual regulation of the use of these resources would interfere with the Tribe's efforts to manage, preserve, and improve wildlife resources on its reservation. The state, therefore, cannot interfere by attempting to control non-Indian hunting and fishing conducted exclusively on reservation land held by the Tribe any more than it could do so if the activities in question took place in one of New Mexico's neighboring states.
 
 
 4
 It is clear to this court that the principles enunciated in Merrion, rather than those enunciated in Montana v. United States govern and confirm our prior decision. Therefore, the judgment of the district court is affirmed, and the previous decision of this court is ordered reinstated.
 
 
 
 [1]
 Unlike the Crow Reservation, where only approximately 17% of the land is now held in trust for the Tribe, and 28% is held in fee by non-Indians, the Mescalero Apache Reservation contains 460,000 acres belonging to the Tribe, but only a negligible 180-85 acres that are held in fee by non-Indians